## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## CLARKSBURG

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| v. | Criminal Action No.:   1:18-CR-50 (JUDGE KLEEH) |
| **SEDDRICK BANKS,** | |
| **Defendant**. | |

### DETENTION ORDER

On November 20, 2019, came the United States of America by Brandon Flower, Assistant United States Attorney, and came Defendant, Seddrick Bank, in person and by his counsel, Belinda Haynie and Frank Walker, for a hearing on the United States Motion to Detain (ECF No. 144), in accordance with the Bail Reform Act, Title 18, United States Code, Section 3142(f). The parties presented evidence and witness testimony was taken.

### A. The Standards

Title 18, United States Code, § 3142(g) provides the specific factors that are to be considered to determine whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community. Those factors are:

1. The nature and consequences of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

2. The weight of the evidence against the person;

3. The history and characteristics of the person, including but not limited to community ties, employment, criminal history, record of court appearance or whether the person was on probation or parole at the time the current offense was committed; and

4. The seriousness of the danger to any person or the community that would be posed by the person's release.

### B. Findings of Fact and Conclusions of Law

On September 6, 2018, Defendant was indicted on six counts of a eleven count indictment. Defendant was charged with Conspiracy to Possess with the Intent to Distribute and Distribute Controlled Substances; Possession With the Intent to Distribute Methamphetamine—Aiding and Abetting; Possession With the Intent to Distribute Cocaine Hydrochloride—Aiding and Abetting; Use and Carry a Firearm During and in Relation to a Drug Trafficking Crime; Possession With the Intent to Distribute Fentanyl—Aiding and Abetting; Accessory After the Fact to Distribution of Fentanyl Resulting in Serious Bodily Injury or Death.[1]

During the Detention Hearing, the Government called Lt. Brian Purkey, DEA, who testified regarding his involvement into the distribution of controlled substances by Defendant and the disappearance and disposal of a woman who died from a Fentanyl overdose.[2] Lt. Purkey testified that he conducted several buys in which Defendant was involved and surveillance of the drug distribution operation that operated out of the Red Roof Inn. Lt. Purkey testified that upon

---

[1] Count Seven of the Indictment states the charge was "Possession with the Intent to Fentanyl—Aiding and Abetting." The undersigned interprets this as Possession with Intent <u>to Distribute</u> as the body of the paragraph alleges such crime.

[2] Lt. Purkey's testimony included an in-depth synopsis of the entire investigation from the initiation until the arrest of Defendants Banks, Robinson, and Chappell. The undersigned analysis set forth herein contains highlighted portions of the testimony, however, the undersigned considered Lt. Purkey's entire testimony and Defense Counsel's cross examination in his final determination.

further investigation, he, in conjunction with other officers, alleged that Defendant Banks was involved in the disposal and dismemberment of a missing Marion County female. On cross-examination, Defense Counsel inquired into Defendant's alleged involvement into the dismemberment of the deceased female. Furthermore, Defense Counsel questioned Defendant's detention immediately following the execution of the search warrant for the hotel room at the Red Roof Inn.

Pursuant to Title 18, United States Code, Section 3142(e), the presumption to detain applies since some of the counts in said indictment naming this Defendant is "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46" and "an offense under section 924(c), 956(a), or 2332b of this title."

The Court finds as follows:

1. Defendant did not successfully rebut said presumption.
2. Defendant is a flight risk by a preponderance of the evidence.
3. Agent Purkey's testimony and allegations indicate that Defendant Banks was a fugitive from justice when he committed the alleged acts in West Virginia; was instrumental in the transportation and distribution of substantial amounts of controlled substances into the state of West Virginia, including the use of firearms; and allegations of the distribution of controlled substances that led to the death of a Marion County woman which ultimately Defendant Banks allegedly took part in disposing and dismembering the woman's body.

4. Defendant's past criminal history and actions show that he would be a danger to this community by clear and convincing evidence.

5. No bond conditions could be set to reasonably ensure the appearance of defendant and the safety of the community.

### C. Decision

Based upon the evidence presented and the above findings of fact and conclusions of law, the Government's Motion to Detain (ECF No. 144) is **GRANTED**. Accordingly, it is hereby

**ORDERED** that:

1. The Defendant is hereby **REMANDED to the Custody of the United States Marshal Service;**

2. The Defendant be confined in a facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

3. The Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel;

4. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding; and

5. Any Party seeking revocation or amendment of this Order shall file a motion pursuant to 18 U.S.C. §3145.

The Clerk of the Court is directed to provide a copy of this Order to parties who appear pro se and all counsel of record, as applicable, as provided in the Administrative Procedures for

Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED: November 20, 2019**

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE